

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 21, 1996

David R. Smith, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-379

Re: Whether section 231.006 of the Family Code, regarding eligibility of child support obligors to enter into contracts paid with state funds, applies to Medicaid providers (RQ-792)

Dear Commissioner Smith:

On behalf of the Texas Department of Health (the "department"), you asked whether former section 14.52(d) of the Family Code, Act of May 27, 1993, 73d Leg., R.S., ch. 816, § 2.01, 1993 Tex. Gen. Laws 3251, 3255, applied to Medicaid providers. Since you submitted your request, the Seventy-fourth Legislature repealed that provision and recodified it as section 231.006 of the Family Code, *see* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex. Sess. Law Serv. 113, 282, which the same legislature then substantially amended, *see* Act of May 27, 1995, 74th Leg., R.S., ch. 751, § 82, 1995 Tex. Sess. Law Serv. 3888, 3915-16.

Former section 14.52 provided as follows:

(a) A child support obligor who is 30 or more days delinquent in paying child support is not eligible to:

(1) submit a bid or enter into a contract to provide property, materials, or services under a contract with the state; or

(2) receive a state-funded grant or loan.

(b) A sole proprietorship, partnership, corporation, or other entity in which a sole proprietor, partner, majority shareholder, or substantial owner is a delinquent obligor who is ineligible to bid on a state contract under Subsection (a)(1) of this section may not bid on a state contract as provided by this section.

(c) A child support obligor remains ineligible to submit a bid on or enter into a state contract or apply for a state-funded grant or loan under Subsection (a) of this section until:

(1) all arrearages have been paid; or

(2) the obligor is in compliance with a written repayment agreement or court order as to any existing delinquency.

(d) Each bidder for a state contract or applicant for a state-funded loan or grant under Subsection (a) of this section shall submit a signed, sworn statement accompanying any bid or application for a grant or loan affirming that the bidder or applicant is not 30 or more days delinquent in providing child support under a court order or a written repayment agreement.

(e) The attorney general and the General Services Commission may adopt rules or prescribe forms to implement any provision of this section.

Newly enacted and amended section 231.006 provides in pertinent part as follows:

(a) A child support obligor who is more than 30 days delinquent in paying child support and a business entity in which the obligor is a sole proprietor, partner, shareholder, or owner with an ownership interest of at least 25 percent is not eligible to:

(1) receive payments from state funds under a contract to provide property, materials, or services; or

(2) receive a state-funded grant or loan.

(b) A child support obligor or business entity ineligible to receive payments under Subsection (a) remains ineligible until:

(1) all arrearages have been paid; or

(2) the obligor is in compliance with a written repayment agreement or court order as to any existing delinquency.

(c) A bid or an application for a contract, grant, or loan paid from state funds must include the name and social security number of the individual or sole proprietor and each partner, shareholder, or owner with an ownership interest of at least 25 percent of the business entity submitting the bid or application.

(d) A contract, bid, or application subject to the requirements of this section must include the following statement:

> "Under Section 231.006, Family Code, the vendor or applicant certifies that the individual or business entity named in this contract, bid, or application is not ineligible to receive the specified grant, loan, or payment and acknowledges that this contract may be terminated and payment may be withheld if this certification is inaccurate."

You were interested in former subsection (d) which required "[e]ach bidder for a state contract or applicant for a state-funded loan or grant" to submit "a signed, sworn statement accompanying any bid or application for a grant or loan affirming that [he or she] is not 30 or more days delinquent in providing child support under a court order or a written repayment agreement." You asked whether former subsection (d) applied to health care providers who apply to participate in the Texas Medicaid program. We assume that you are now interested in subsection (d) of section 231.006 as amended, which requires each contract, bid, or application subject to section 231.006 to include the statement that "the vendor or applicant certifies that the individual or business entity named in this contract, bid, or application is not ineligible." We address whether Medicaid providers must submit such statements.[1]

You explain that the department has delegated the administration of the federal Title XIX Medicaid program by contract to a private company. The private company solicits health care providers, including individual physicians and other health care professionals and entities, to participate in the program voluntarily. Providers do not submit bids. You state that "[t]hose wishing to participate must complete a provider enrollment application, meet provider criteria and sign a provider agreement." The "Provider Agreement with the Texas Department of Health for Participation in the Texas Medicaid Program" submitted with your request states that health care providers who enter into the contract are paid with federal and state funds. We assume that this is the case.

Former subsection (d) on its face required only a bidder for a state contract or an applicant for a state grant or loan to submit a sworn statement. By contrast, subsection (d) of section 231.006 as amended, requiring the submission of a statement, is broadly written to apply to all contracts, bids, or applications subject to the section. We believe it applies to all individuals and business entities that enter into contracts paid from state funds. First, subsection (a) makes ineligible not just delinquent individuals but also any business entity in which a delinquent individual is "a sole proprietor, partner, shareholder, or owner with an ownership interest of at least 25 percent" of the business entity. Clearly, the subsection (a) ineligibility requirements apply to all kinds of business entities, whether they are owned as sole proprietorships, partnerships, corporations or any other kind of

---

[1]You did not respond to our request to explain how the amendments to section 231.006 affect your query. We assume you continue to be interested in the statement requirements as they apply to Medicaid providers.

ownership arrangements. Second, it is apparent from subsection (a)(1) and (2) that the eligibility requirements of section 231.006 apply to all contracts to provide property, materials, or services paid from state funds and all state-funded grants and loans. We believe that section 231.006(d) is intended to apply to all individuals and business entities that would be potentially ineligible under subsection (a). For this reason, we conclude that section 231.006(d) applies to all individuals and business entities who enter into contracts to provide property, materials, or services paid from state funds.

As noted above, it appears that all Medicaid providers are paid with at least some state funds. Therefore, we conclude that all providers that contract to participate in the Texas Medicaid program are required to submit statements regarding child support payments as provided by section 231.006(d).

## S U M M A R Y

Providers that contract to participate in the Texas Medicaid program must submit a statement regarding child support payments pursuant to section 231.006 of the Family Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General